**FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000516
20-JUN-2023
07:51 AM
Dkt. 52 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

IN THE MATTER OF THE APPEAL OF GARILYN L. BASSETT,
Claimant-Appellant-Appellant,
v.
90210 GRAND WAILEA MGMT CO LLC C/O THOMAS & COMPANY,
Employer-Appellee-Appellee; ANNE E. LOPEZ,[1] ATTORNEY GENERAL,
STATE OF HAWAI'I; and JADE BUTAY[2] AS DIRECTOR OF THE DEPARTMENT
OF LABOR AND INDUSTRIAL RELATIONS, STATE OF HAWAI'I,
Agency-Appellee-Appellee

NO. CAAP-20-0000516

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CCV-20-0000040)

JUNE 20, 2023

GINOZA, CHIEF JUDGE, LEONARD AND HIRAOKA, JJ.

---

[1]     Under Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 43(c), a public officer named in a case is automatically substituted by the officer's successor when the holder of the office ceases to hold office on appeal. Accordingly, Attorney General Anne E. Lopez has been substituted for former Attorney General Clare E. Connors.

[2]     Under HRAP Rule 43(c), Jade Butay has been substituted for former Director of the Department of Labor and Industrial Relations Scott T. Murakami.

OPINION OF THE COURT BY HIRAOKA, J.

This secondary appeal arises from Claimant-Appellant-Appellant Garilyn L. **Bassett**'s claim for benefits under the Hawaii Employment Security Law, Hawaii Revised Statutes (**HRS**) Chapter 383.  Agency-Appellee-Appellee Director of the Department of Labor and Industrial Relations (**DLIR**) denied Bassett's claim.  Bassett appealed to the circuit court.  DLIR moved to dismiss the appeal for lack of jurisdiction.  The circuit court granted DLIR's motion.  We hold that the circuit court erred by deciding the motion to dismiss without first docketing the agency record; without it, the circuit court could not properly determine the dispositive factual issue — whether Bassett had elected to receive documents in electronic format rather than by mail.

## I.  BACKGROUND

Bassett was employed by Employer-Appellee-Appellee 90210 Grand Wailea Management Co., LLC.  She resigned effective June 26, 2019.  She claimed unemployment benefits from DLIR.  Her claim was denied.  She appealed.  The DLIR Employment Security Appeals Referees' Office (**ESARO**) affirmed the denial of benefits on October 4, 2019.  Bassett requested a reopening of her case. ESARO denied the request to reopen on December 10, 2019.

Bassett filed a notice of appeal with the circuit court on February 19, 2020.  The court ordered DLIR to certify and transmit the record of Bassett's claim by March 10, 2020, as required by HRS § 91-14(d).[3]  DLIR moved for an extension of

---

[3]     HRS § 91-14 (2012 & Supp. 2019) provides, in relevant part:

(d)    Within twenty days after the determination of the contents of the record on appeal in the manner provided by the rules of court, or within such further time as the court may allow, the agency shall transmit to the reviewing court the record of the proceeding under review.  The court may require or permit subsequent corrections or additions to the record when deemed desirable.

. . . .

(f)    The review shall be conducted by the appropriate
(continued...)

time.  The court granted an extension until May 1, 2020.  DLIR failed to comply; the record on appeal does not contain the agency record.

DLIR moved to dismiss the appeal in the circuit court for lack of jurisdiction because Bassett's notice of appeal was filed more than thirty days after ESARO served its decision. The motion was heard on June 19, 2020.  The circuit court orally granted the motion.  A written order was entered on July 20, 2020.  The Final Judgment was also entered on July 20, 2020.[4] This appeal followed.[5]

## II. STANDARD OF REVIEW

"A trial court's dismissal for lack of subject matter jurisdiction is a question of law, reviewable de novo."  Yamane v. Pohlson, 111 Hawaiʻi 74, 81, 137 P.3d 980, 987 (2006) (citation omitted).  "[W]hen considering a motion to dismiss pursuant to [Hawaiʻi Rules of Civil Procedure] Rule 12(b)(1) the trial court is not restricted to the face of the pleadings, but may review any evidence, such as affidavit and testimony, to resolve factual disputes concerning the existence of jurisdiction."  Id. (cleaned up).

## III. DISCUSSION

Appeals from decisions by ESARO can be taken "in the manner provided in [HRS] chapter 91[.]"  HRS § 383-41 (2015). HRS § 91-14(b) (Supp. 2019) requires that appeals be instituted in the circuit court "within thirty days after service of the

---

[3]     (...continued)
court without a jury and shall be confined to the record[.]

[4]     The Honorable Kelsey T. Kawano presided.

[5]     Bassett's opening brief does not comply with HRAP Rule 28(b)(4). However, Hawaiʻi appellate courts adhere to the policy of affording litigants the opportunity to have their cases heard on the merits where possible. Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 420, 32 P.3d 52, 64 (2001).  Accordingly, we address Bassett's arguments to the extent we can discern them.

certified copy of the final decision and order of the agency pursuant to rule of court[.]"  However:

> Upon application to, and approval by, [ESARO], a claimant or party to an appeal may elect to receive hearing notices, decisions, and other appeal documents from [ESARO] in electronic format in lieu of notice by mail.  The date of electronic transmission is equivalent to the mailing date for purposes of this section.  Electronic notification status may be rescinded at any time by [ESARO], claimant, or any party upon written notification.

HRS § 383-38(e) (2015).

DLIR's motion to dismiss was based upon Bassett's notice of appeal being filed in the circuit court on February 19, 2020, more than thirty days after service of ESARO's December 10, 2019 denial of her request to reopen her claim.

On appeal, Bassett concedes that she received the ESARO decision by email on December 10, 2019, but argues that she never received a certified copy of the decision.  Accordingly, she argues that the thirty-day period for her to file her notice of appeal never began to run.  Attached to Bassett's opening brief is a declaration of her *counsel* attesting, among other things, that Bassett did not waive her right to receive a certified copy of the ESARO decision by mail.  However, there is no indication that counsel's declaration is part of the agency record and, as noted above, the agency record was not filed with the circuit court.  We will not consider counsel's declaration.

DLIR apparently contends that Bassett elected to receive the ESARO decision in electronic format under HRS § 383-38(e) and, because Bassett admits having received the ESARO decision by email on December 10, 2019, her notice of appeal was untimely.  DLIR's answering brief notes that it filed a motion in this court seeking to supplement the record with an "online appeal confirmation form[,]" purportedly generated when Bassett filed her appeal with ESARO, in which she purportedly requested electronic notification for the ESARO appeal.  We denied DLIR's motion because it did not show that the document sought to be

supplemented in the record had been filed or offered in the underlying case.

Bassett denies electing to receive the decision in electronic format under HRS § 383-38(e).

There is an issue of fact about whether Bassett elected to receive the ESARO decision by email. Accordingly, the circuit court erred by granting DLIR's motion to dismiss based on the record before it. After DLIR failed to comply with the May 1, 2020 extended deadline to transmit the certified agency record, the circuit court should have taken appropriate action to compel compliance. The agency record should contain information resolving the factual dispute about whether Bassett elected to receive decisions in electronic format but, if it does not, the circuit court may temporarily remand the matter to ESARO to resolve the issue.

## IV. CONCLUSION

The circuit court granted DLIR's motion to dismiss on an incomplete record and apparently disputed facts. Accordingly, we vacate the "Final Judgment" entered by the circuit court on July 20, 2020, and remand for further proceedings. On remand, the circuit court should order that DLIR transmit the certified agency record of Bassett's claim as required by HRS § 91-14(d) and, if necessary, take further steps to clarify whether Bassett elected to receive the ESARO decision in electronic format in lieu of by mail.

On the briefs:

Matthew C. Bassett,
for Claimant-Appellant-
Appellant Garilyn L. Bassett.

Amy Chan,
Deputy Attorney General,
Department of the Attorney
General, State of Hawai'i,
for Agency-Appellee-Appellee
Director of the Department
of Labor and Industrial Relations.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge

5